# CASES DETERMINED

## January Term, 1875.

---

LUSCOMBE and others vs. THE CITY OF MILWAUKEE.

ESTOPPEL: STREETS. *Whether petition to change grade of streets, estops claim for damages.*

1. The fact that one of the plaintiffs signed a petition to the common council of the defendant city, requesting it to change the grade of a street from that previously established by ordinance, *held*, not to release said plaintiff's claim for damages caused to his land by the new grade actually adopted, where it appears that such new grade was *lower* than that petitioned for.
2. Whether the signing of such petition would have operated as a release of damages, if the new grade had been the same as that named in the petition, is not here decided. *Stadler v. Milwaukee*, 34 Wis., 98, explained.

RYAN, C. J., took no part.

APPEAL from the Circuit Court for *Kenosha* County.

The plaintiffs are the owners of an improved lot on Fourth Street in the city of Milwaukee between Cherry and Galena Streets. The grade of Fourth Street in front of such lot was established by the common council of that city in 1853, and the street was graded in accordance therewith. On September 13, 1869, the common council passed an ordinance establishing a different grade for Fourth Street, which, in front of the plaintiff's lot, is several feet lower than that of 1853. The street was afterwards excavated to the new grade, and this

action was brought to recover the damages resulting therefrom to said lot. The ordinances above mentioned are the same which were before the court in *Church v. Milwaukee*, 31 Wis., 512, and *Stadler v. Milwaukee*, 34 id., 98.

It appeared on the trial that in July, 1869, one of the plaintiffs signed a petition or recommendation to the common council (which was duly presented to the council and referred to a committee, July 12, 1869), requesting that body to establish the grade of Fourth Street as therein specified, instead of passing an ordinance then before it providing for a lower grade. The record of the council proceedings read in evidence shows that such petition "was reported back with a substitute ordinance, July 26, 1869," but fails to give the contents of the substitute or to show that any action was taken upon it. The history of the ordinance of September 13, 1869, is not given in the bill of exceptions.

The grade proposed in the petition, and that established by the ordinance of September 13th, start at the same point in Vliet Street; but at Galena Street the grade thus established is one foot lower than that proposed. It is understood that Vliet Street crosses Fourth Street south, and Galena Street north, of the plaintiff's lot (the lot being nearest the latter street), and that a direct line of grade between those points was proposed by the petition and established by the ordinance.

The jury found for the plaintiffs, and assessed their damages at $1,684.12. From the judgment entered pursuant to the verdict, the defendant appealed.

*Emil Wallber*, for appellant, contended that the respondent, having voluntarily signed the petition to change the grade of the street, was barred from asserting any claim for damages arising from the change of grade. *Volenti non fit injuria;* to those consenting to the damage no legal damage accrues; then, *a fortiori*, to one petitioning for damage no legal damage accrues. A person joining in a petition for the improvement of a street, has been held estopped to deny the legality of a tax

assessed therefor. *Burlington v. Gilbert*, 31 Iowa, 356. And the proposition is well settled, that where one gives a license to another to do certain acts upon his land, he cannot afterwards claim damages for the acts done in pursuance of such license. Hence the court below erred in refusing to instruct the jury that, if they found from the evidence that the grade established by the ordinance of 1869 was the same as the grade petitioned for in front of plaintiffs' premises, he thereby waived his right to recover in this action.

*Jenkins & Elliott, contra*, contended that the instruction in question was properly refused, because, among other reasons, it improperly assumed that there was evidence to go to the jury that the grade established by the ordinance of 1869 was the same as the grade mentioned in the petition. The ordinance itself, which was the only testimony upon this point, shows that the grade established and the grade suggested in the petition were not the same. Again, the petition cannot be urged as an estoppel, because there was no evidence that any action of the common council was induced thereby or had thereon. It is only shown that the council referred the petition to a committee, which committee reported it back with a proposed substitute ordinance, and there is no evidence as to what such substitute ordinance was, or that any action was had thereon by the council.

LYON, J. The only ruling of the circuit court which the learned city attorney claims was erroneous, is the refusal to instruct the jury as follows: " It appears from the evidence that one of the plaintiffs signed the petition introduced in evidence, asking the common council to establish a grade in front of plaintiffs' premises different from the grade established in 1853. If the jury find from the evidence that the grade established by the ordinance of 1869 is the same as the grade petitioned for in front of said property, then the signer of that petition thereby waived his right to recover in this action."

We think that the proposed instruction was properly re-
fused. The record not only fails to show that the common
council established the new grade of Fourth Street in front of
the plaintiffs' lot in accordance with the petition of one of the
plaintiffs, but it shows affirmatively that a lower grade than
that proposed in the petition was established at such point, and
that the street was afterwards excavated to such grade. That
the grade proposed and the one established are different, is an
uncontroverted fact in the case; and the circuit court was man-
ifestly correct in refusing to submit to the jury the question of
fact whether they are the same.

It becomes unnecessary, therefore, to decide whether the
plaintiff who signed such petition could have recovered any
damages caused by the new grade, had the council granted the
prayer of the petition and established the grade as therein
specified. We leave that question undetermined.

The same question was in the case of *Stadler v. Milwaukee*,
34 Wis., 98, but as no allusion is made to it in the opinion
prepared by Chief Justice DIXON, it may be observed here,
that the petition signed by Stadler was not granted, but, as in
this case, a grade different from that proposed in the petition,
and more injurious to the land of the petitioner, was established
by the council. Moreover, Stadler did not sign the petition in
respect to the lot on account of which he and his coplaintiff
claimed damages in that action, but as sole owner of another
lot affected by the grade.

Under the circumstances of this case, we are clearly of the
opinion that the signing of the petition by one of the plaintiffs
does not operate as a release of the petitioner's claim for dam-
ages resulting from the new grade.

*By the Court.*— The judgment of the circuit court is affirmed.